IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:96-CR-39-BR
5:08-CV-302-BR

| | | |
|---|---|---|
| CHRISTOPHER DOZIER,<br>aka ASHAUN-RA, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | **MEMORANDUM AND**<br>**RECOMMENDATION** |
| UNITED STATES OF AMERICA, | )<br>) | |
| Respondent. | ) | |

This habeas corpus proceeding, brought by petitioner Christopher Dozier ("petitioner") pursuant to 28 U.S.C. § 2255 ("§ 2255"), is before the court on the government's motion to dismiss (D.E. 41). The government filed a supporting memorandum (D.E. 42) and petitioner a response in opposition (D.E. 44). Also before the court are petitioner's motion to protect his mental health and constitutional rights (D.E. 45), and his motion for an order directing the Virginia Department of Corrections to return his legal materials (D.E. 46). The government did not respond to these motions. All three motions have been referred to the undersigned, and they will be addressed collectively pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it will be recommended that the motions be denied.

## BACKGROUND

On 21 February 1996, petitioner was indicted for carjacking in violation of 21 U.S.C. § 2119. (D.E. 1). On 30 July 1996, petitioner pled guilty pursuant to a plea agreement. (*See* D.E. 18; 2nd D.E. dated 30 July 1996). On 28 October 1996, he was sentenced to 235 months' imprisonment. (*See* D.E. dated 28 Oct. 1996). Petitioner did not appeal from his conviction. However, on 10

March 1997, petitioner filed a motion for writ of mandamus, which was denied. (*See* D.E.s dated 10 and 20 Mar. 1997).

On 5 February 2007, petitioner filed a motion for an order directing the Office of the Federal Public Defender ("FPD") to provide him with a copy of his case file. (D.E. 26). Upon the representation by FPD that a copy of the file had been provided to petitioner (D.E. 28), the motion was denied as moot on 22 March 2007. (D.E. 29).

On 28 January 2008, petitioner filed a motion to vacate his conviction (D.E. 31) pursuant to Federal Rules of Criminal Procedure 11(d), (e), and (f), and 52(b). On 3 March 2008, the motion was denied without prejudice to re-file as a motion pursuant to § 2255. (D.E. 32). On 10 July 2008, petitioner filed a motion under § 2255 to vacate his conviction and sentence ("habeas motion") (D.E. 35) that is presently before the court.[1] The motion consists of a completed § 2255 form (Hab. Mot. 1-13)[2] and a six-page handwritten supplement (*id.* 14-19). As grounds for vacation of his conviction and sentence, petitioner asserts that the court lacked subject matter jurisdiction because he was incompetent at the time of his guilty plea. (*See id.* 4-6 ¶ 12; 14 § II). For the purposes of the proceedings on his habeas motion, petitioner also requests appointment of counsel and a mental evaluation under 18 U.S.C. §§ 17, 4241, and 4244.[3] (Hab. Mot. 19).

---

[1] Petitioner moved, in the alternative, under Fed. R. Civ. P. 60(b)(4). (Hab. Mot. 14, 19). That rule, however, addresses civil judgments and may not be used to attack a criminal conviction underlying a habeas action, as opposed to alleged deficiencies in a prior habeas action. *See, e.g., Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *see also United States v. Jenkins*, No. 3:99CR21, 2009 WL 1702076, at *3 (W.D.N.C. 16 June 2009) (holding that the court had no jurisdiction to consider petitioner's motion under Rule 60(b)(4) challenging his criminal conviction and collecting cases regarding same).

[2] Page number references in record citations are to the numbers assigned by the CM/ECF electronic docketing system.

[3] Because these requests are part of petitioner's habeas motion, they are not before the undersigned for disposition. Nevertheless, with respect to the request for counsel, the court notes that there is no constitutional right to counsel in a § 2255 proceeding. *See Bell v. Outlaw*, No. 5:07-HC-2227-FL, 2008 WL 4510587, at *2 (E.D.N.C. 29

2

On 14 July 2008, the court directed the government to file an answer or other appropriate response to the motion to vacate. (D.E. 36). In response, the government filed the instant motion to dismiss on 19 September 2008. The motion raises two alternative grounds. One is that the petitioner did not initiate this proceeding within the applicable one-year limitations period and that the court therefore lacks subject matter jurisdiction, presumably pursuant to Fed. R. Civ. P. 12(b)(1). The other ground is that petitioner waived his right to contest his conviction and sentence when he entered into the plea agreement,[4] and that his habeas motion therefore fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Because the statute of limitations under § 2255 is not jurisdictional, *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000), and the government does not demonstrate, and the court does not find, any other jurisdictional defect in this proceeding, the court will treat its motion as one under Rule 12(b)(6).

Subsequent to the filing of his habeas motion, petitioner, an inmate in a Virginia state prison, filed his other two motions in this proceeding. As indicated, one seeks an order from this court requiring state prison officials to provide him with mental health treatment and the other an order

---

September 2008) (*citing Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). While Rule 8(c) of the Rules Governing § 2255 Proceedings does require the court to appoint counsel for qualified petitioners when it determines that an evidentiary hearing is warranted, such a determination has not yet been made in this case. The court does have discretion under Rule 8(c) to appoint counsel at other stages of a § 2255 proceeding in accordance with 18 U.S.C. § 3006a. Appointment under § 3006A is permitted when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(b). Courts have declined to appoint counsel where, as here, the presentation by the petitioner adequately communicates his position and the legal issues presented are not complex. *See Bell*, 2008 WL 4510587, at *2 (denying § 2255 petitioner request for counsel because "[t]he court [did] not perceive issues of great legal complexity in this case"); *see also U.S. v. Martin*, No. 3:07CR122, 2009 WL 2434598, at *2 (E.D.Va. 6 August 2009) (denying § 2255 petitioner's request for counsel because petitioner's "filings demonstrate that he is able to adequately communicate with the Court"). Petitioner certainly has not been prejudiced on the instant motions by lack of counsel.

[4] A copy of the plea agreement is attached to the memorandum in support of the government's dismissal motion (D.E. 42-2).

requiring the director of the Virginia Department of Corrections to return his legal materials and research.

## DISCUSSION

I. **GOVERNMENT'S MOTION TO DISMISS**

A. **Standard of Review**

1. **Application of Rule 12(b)(6) to § 2225 Proceedings**

A threshold question is whether Rule 12(b)(6) applies in § 2255 proceedings. Rule 12 of the Federal Rules Governing § 2255 Proceedings specifically permits the application of the Federal Civil Rules where "they are not inconsistent with any statutory provisions or these [§ 2255] rules." Rule 12 of the Federal Rules Governing § 2255 Proceedings. In addition, the Federal Rules of Civil Procedure themselves provide that they may be applied in § 2255 proceedings where a particular practice has not been specified by § 2255 and where such practice has "previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). The Fourth Circuit has specifically recognized that a court may consider a Rule 12(b)(6) challenge to the legal sufficiency of a § 2255 petition. *See United States v. Reckmeyer*, No. 89-7598, 1990 WL 41044, at *4 (4th Cir. 2 Apr. 1990); *see also Walker v. True*, 399 F.3d 315, 319 (4th Cir. 2005) (vacating district court's order allowing the government's motion to dismiss petitioner's 28 U.S.C. § 2254[5] petition because the district court did not properly apply the Rule 12(b)(6) standard when it failed to assume all facts pleaded by petitioner to be true and considered material not included in the petition). Having concluded that it may

---

[5] The Federal Rules of Civil Procedure are applicable to habeas proceedings under 28 U.S.C. § 2254 on much the same terms as they apply to § 2255 cases. *See* Rule 12 of the Federal Rules Governing § 2254 Proceedings; *see also* Fed. R. Civ. P. 81(a)(4).

4

properly consider the government's motion to dismiss under Rule 12(b)(6), the court will now turns to the standard of review under that rule.

### 2. Rule 12(b)(6) Standard

Rule 12(b)(6) provides for dismissal of claims for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Ordinarily, the complaint need contain simply "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and shows more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In analyzing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded allegations of the challenged complaint and view those allegations in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *see also Lambeth v. Bd. of Comm'rs*, 407 F.3d 266, 268

(4th Cir. 2005) (court must accept as true all factual allegations of the complaint). All reasonable factual inferences from the allegations must be drawn in plaintiff's favor. *Edwards*, 178 F.3d at 244. However, bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Iqbal*, 129 S. Ct. at 1951.

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The primary consideration on a Rule 12(b)(6) motion is therefore the allegations of the complaint. *See American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) ("[A]s a general rule extrinsic evidence should not be considered at the 12(b)(6) stage . . . ."). Notwithstanding this provision, the court may consider, in addition to the complaint and any documents attached to it, a document attached to the dismissal motion that is integral to and explicitly relied on in the complaint and whose authenticity the plaintiff does not challenge without converting the motion into one for summary judgment. *CACI Intern., Inc. v. St. Paul Fire and Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009) (citing *Am. Chiropractic Ass'n*, 367 F.3d at 234). A court may also properly consider matters of public record and items appearing in the record of the case. *Norfolk Federation of Business Dist. v. H.U.D.*, No. 96-1746, 1996 WL 671293, at *1 (4th Cir. 20 Nov. 1996).

### B. Timeliness of Petitioner's Habeas Motion

As indicated, one ground for the dismissal motion is that petitioner's habeas motion is untimely. There is a one-year limitations period under § 2255. *See* 28 U.S.C. § 2255(f). This period begins to run from the latest of the four following alternative dates:

(1)    the date on which the judgment of conviction becomes final;

6

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United states is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Of these dates, the only one implicated by petitioner's allegations here is the date his judgment of conviction became final. The judgment was entered on 18 November 1996. Because petitioner did not appeal from it, it became final ten business days later, on or about 3 December 1996. *See* Fed. R. App. P. 4(b)(1)(A)(i). Petitioner did not file his habeas motion until more than 11 1/2 years later, on 10 July 2008.

Petitioner contends that his habeas motion was nonetheless timely because the statute of limitations should be deemed equitably tolled until he made his filing. He alleges equitable tolling on the grounds that: (1) he has been continuously mentally incapacitated since his conviction; and (2) he has not had a copy of his legal file for 11 years. (Hab. Mot. 12 ¶ 18; 15 § III.(b), (c)). The court will address each of these grounds in turn.

### 1. *Equitable Tolling Due to Mental Incapacity*

While the courts have held that the § 2255 limitations period is subject to equitable tolling, it is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "Thus, to be

7

entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)). In cases where a petitioner alleges mental incapacity as grounds for equitable tolling, courts require a showing of "profound mental incapacity." *Sosa*, 364 F.3d at 513 (citing *Grant v. McDonnel Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances such as institutionalization or adjudged mental incompetence")). In addition, a petitioner must show that the mental impairment prevented him from filing his petition within the limitations period. *See Robison v. Hinkle*, 610 F. Supp. 2d 533, 539 (E.D. Va. 2009) (holding that a petitioner must demonstrate a causal connection between mental incapacity and the untimely filing); *see also Rios v. Mazzuca*, 78 Fed. Appx. 742, 744 (2d Cir. 2003) (holding that while petitioner had shown that he suffered from "chronic and sometimes debilitating mental illness," equitable tolling was not warranted because petitioner failed to demonstrate that his condition prevented him from filing a timely petition).

The court finds that petitioner has adequately alleged in his habeas motion the "profound mental incapacity" required for equitable tolling. For example, he alleges that since childhood he "has struggled with hearing numerous voices and visions that come with them sometimes." (Hab. Mot. 17, § I(a)). He further alleges that one of the voices, named "C'yr," instructed him to tell the police "what happened" and that numerous voices instructed him to plead guilty. (*Id.* 17, §§ I(b), II, III). He states that he was overwhelmed by these voices when he attempted to hang himself in jail several times around the time that he entered his guilty plea. (*Id.* 17, § IV(a)).

8

He also purports to quote findings from reports of psychiatric evaluations in October 1995 and September 1996. In the 1995 report, a Dr. Killian allegedly concludes: "'[Petitioner has] an internal/psychiatric disorder [that] is actively influencing his function. [O]ne has little confidence that he can participate fully and competently as might be called for in participating in a trial.'" (*Id.* 16, § II) (punctuation altered from original).[6] The 1996 report from a Dr. Halleck states: "'[Petitioner] was clearly under the influence of a SEVERE PSYCHOLOGICAL DISTURBANCE. [H]e constantly HEARS VOICES [that] tell him what to do. [There is] evidence of visual hallucinations [and] [he] does have a SCHIZOTYPAL PERSONALITY DISORDER.'" (*Id.*) (punctuation altered from original).[7] Similar allegations have been found sufficient to overcome Rule 12(b)(6) in other cases. *See, e.g., Schankman v. United States*, No. 4:08CV660 CDP, 2008 WL 4722590, at *2 (E.D. Mo. 23 Oct. 2008) (holding that petitioner's allegations of bipolar disorder and unstable mental heath status due to constantly changing medication were sufficient to survive a Rule 12(b)(6) motion to dismiss).

The court also finds that petitioner has adequately alleged a causal connection between his mental impairment and his failure to file his habeas motion sooner than he did. Petitioner's allegations, taken as true, show that his severe mental incapacity was continuous through all relevant time periods. He alleges that his psychosis began in 1989; continued through his conviction, sentencing, and the one-year limitations period; and remain "ever present and deteriorating." (Hab.

---

[6] The original quotation, without insertions by the court, reads: "'an internal/psychiatric disorder . . . is actively influencing his function . . . one has . . . little confidence that he can . . . participate fully and competently . . . as might be called for in . . . participating in a trial.'" (Hab. Mot. 16, § II).

[7] The original quotation, without insertions by the court, reads: "'[Petitioner] was clearly under the influence of a SEVERE PSYCHOLOGICAL DISTURBANCE . . . he constantly HEARS VOICES . . . [that] tell him what to do . . . evidence of visual . . . hallucinations [he] does have a SCHIZOTYPAL PERSONALITY DISORDER.'" (Hab. Mot. 16, § II).

9

Mot. 4 ¶ 12(a), 15 § III(c)). Moreover, he alleges that he has received no mental heath treatment since his conviction even though such treatment was recommended in his judgment. (*Id.* 15 § III(c), 18 § III; D.E. dated 28 Oct. 1996). Petitioner also alleges that, as recently as December 2007, prison disciplinary charges against him were dismissed on the grounds of his psychosis after evaluation by prison mental health staff. (Hab. Mot. 4 ¶ 12(a), 15 § III(c)).

Petitioner also expressly alleges that his condition has directly affected his ability to file his motion in a timely manner. He states that his "psychosis interferes with his legal research/access." (*Id.* 15 § III(c)). He additionally alleges that the voices he hears "interfer[e] with his thoughts when doing legal research." (*Id.*).

The court concludes that petitioner's allegations are sufficient to meet the requirements for equitable tolling due to mental incapacity for purposes of Rule 12(b)(6). Final resolution of the equitable tolling issue warrants a more extensive inquiry into the facts than Rule 12(b)(6) permits. *See Schankman*, 2008 WL 4722590, at *2; *see also Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000) (holding that "whether a person is sufficiently mentally disabled to justify tolling of a statute of limitation period is . . . highly case-specific"). The portion of the government's motion challenging petitioner's stance on equitable tolling due to mental incapacity should therefore be denied. Petitioner, of course, bears the burden of proof on the final determination of the timeliness

of his habeas motion and then without benefit of the favorable assumptions under Rule 12(b)(6).[8] *See, e.g., Schankman*, 2008 WL 4722590, at *2.

### 2. *Equitable Tolling Due to Lack of Access to Case File*

Petitioner also asserts that the delay in the filing of his habeas motion resulted from his being denied a copy of his case file for over 11 years despite his having made requests for it. (Hab. Mot. 12 ¶ 18; 15 § III(b)). But aside from his mental incapacity detailed above, petitioner has made no allegations that would suggest that extraordinary circumstances prevented him from obtaining a copy of his legal file. To the contrary, petitioner was able to obtain a copy of his file from FPD within approximately six weeks after he filed a motion in this court requesting it. (*See* D.E. 26, 28, 29). Moreover, petitioner has failed to allege how the denial of access to his legal file caused the delay in the filing of his habeas motion. *See Mateos v. West*, 357 F. Supp. 2d 572, 578 (E.D.N.Y. 2005) (holding that defendant was not entitled to equitable tolling of the limitations period because he failed to demonstrate how the destruction of his case file by prison officials affected his ability to file his habeas petition); *see also Love v. Roe*, No. 98-2746-JGD SH, 1999 WL 253468, at *7 (S.D. Cal. 25 Feb. 1999) (holding that defendant was not entitled to equitable tolling where petitioner failed to show that lack of access to his legal file hindered in his ability to timely file a petition).

---

[8] In making the final determination on a claim of equitable tolling due to mental incapacity, the evidence courts consider can include the quality of the petitioner's habeas motion and other post-conviction filings. *See Robison*, 610 F. Supp. 2d at 541 (noting that petitioner's claim that his mental incapacity contributed to his untimely petition was "belied by his filing activity during or near the relevant periods"); *see also Brown v. McKee*, 232 F. Supp. 2d 761, 768 (E.D. Mich. 2002) ("Because petitioner was able to seek post-conviction relief in the state trial and appellate courts while taking these medications, he was not so mentally incompetent as to warrant equitable tolling of the limitations period for bringing his habeas petition."); *Rivera v. U.S.*, No. 3:08-cv-116, 2008 WL 5283853, at *4 (D.N.D. 18 Dec. 2008) (holding that petitioner's claim that his mental health declined in custody thereby preventing him from filing a timely § 2255 petitioner was undermined by his "lucid and organized" pro se petition); *Brown*, 232 F. Supp. 2d at 768 ("Because petitioner was able to pursue his federal habeas petition in this Court while taking these psychotropic medications, petitioner has failed to show that any mental illness or incapacity prevented him from managing his legal affairs and acting upon them."). The court has declined to undertake such an evaluation of petitioner's filings here given the nature of the government's motion as one under Rule 12(b)(6) and the substantive sufficiency of petitioner's allegations for purposes that Rule.

11

Case 5:96-cr-00039-BR   Document 47   Filed 09/09/09   Page 11 of 15

Nevertheless, the court declines to make a formal determination whether these deficiencies warrant dismissal of petitioner's contention of equitable tolling on the grounds of lack of file access. There is no need to make such a determination because the court has already found that petitioner has adequately alleged equitable tolling on the basis of mental incapacity for Rule 12(b)(6) purposes and the government does not, in any event, specifically address in its dismissal filings the lack of file access theory for petitioner's equitable tolling claim.

### C. Waiver of Right to Post-Conviction Relief

Having concluded that petitioner's habeas motion is timely for Rule 12(b)(6) purposes, the court turns to the government's second principal contention—namely, that under the terms of the plea agreement he waived his right to challenge his conviction and sentence on the grounds of incompetency. The government relies on the provision of the plea agreement stating that petitioner agrees "to waive any right to contest the conviction or sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255."[9] (Plea Agmt. ¶ 2.c).

"It is established law in [the Fourth] Circuit that the mental competency of the accused to enter an intelligent plea of guilty is available as a ground of collateral attack on a Federal conviction." *United States v. McNicholas*, 298 F.2d 914, 916 (4th Cir. 1962); *see also Fisher v. United States*, 317 F.2d 352, 353 (4th Cir. 1963) (holding that the issue of a defendant's mental capacity to stand trial may be raised by motion under § 2255).[10] But the government is correct that

---

[9] Although outside the habeas motion, the court has considered the plea agreement as a document attached to the dismissal motion which is part of the record of this case. *See, e.g., Clark v. BASF Salaried Employees' Pension Plan*, 329 F. Supp. 2d 694, 697 (W.D.N.C. 2004) (holding that a court could consider exhibits attached to a defendant's motion to dismiss where they are part of the record from a prior court proceeding).

[10] Courts have suggested that a defendant may be precluded from asserting the issue of mental competency under § 2255 where the issue was raised and judicially determined pursuant to 18 U.S.C. § 4244 ("§ 4244") before the entry of the defendant's plea. *See Sturrup v. United States*, 218 F. Supp. 279, 281 (E.D.N.C. 1963) (recognizing that "[t]here are instances where the issue of mental competency [for the purposes of a § 2255 motion] may be foreclosed by a proper determination at the time of trial, i.e., where the question of sanity is raised and determined before plea

12

a defendant may waive his right to contest his conviction and sentence under § 2255 so long as the waiver is "knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner's allegations that he was incompetent to plead, taken as true under Rule 12(b)(6), also establish that he could not make a knowing and voluntary waiver. Accordingly, the government cannot rely on the waiver to block petitioner's challenge to his conviction and sentence.

It would be manifestly unjust to preclude a petitioner on grounds of waiver from challenging the validity of his plea as a result of incompetency when the incompetency would also invalidate the waiver. While there do not appear to be any decisions directly on point, courts have reached an analogous conclusion in the context of waivers of ineffective assistance of counsel claims, holding that challenges to guilty pleas on ineffective assistance grounds are not barred by waivers that are encompassed by the ineffective assistance challenge. *See, e.g., Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("Justice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement [waiving § 2255 rights] cannot be barred by the agreement itself—the very product of the alleged ineffectiveness."); *see also United States v. Attar*, 38 F.3d 727, 732 (4th Cir. 1994) ("[A] defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations."); *United States v. Holbrook*, 613 F. Supp. 2d 745, 761 (W.D. Va. 2009) ("When a defendant alleges that ineffective assistance

---

pursuant to 18 U.S.C.A. § 4244."). The record currently before this court does not show that such a judicial determination was made regarding the petitioner. Although on 17 May 1996 the court allowed petitioner's request for an extension of time to file a pretrial motion related to "mental illness issues" (*see* D.E. 11, 13), he did not file one. The docket does not otherwise show a determination regarding competency under § 4244. In any event, consideration of any such report would arguably exceed the permissible scope of a Rule 12(b)(6) motion. The record does, of course, show that the court made a "finding re competency" as part of its Fed. R. Crim. P. 11 colloquy with petitioner. (*See* 1st D.E. for 30 July 2006). But there is presently no further information in the record regarding this finding. The court does not believe that, given the limited focus of Rule 12(b)(6), this finding can properly be found to bar petitioner's habeas claim, although it may be relevant to subsequent proceedings in this case.

13

of counsel caused the guilty plea itself to be unknowing or involuntary, analysis of such claims must be part of the court's inquiry into the validity of the guilty plea and the plea agreement waiver of § 2255 rights."). Accordingly, the court finds that the government's motion to dismiss on the grounds of waiver should be denied.

## III. PETITIONER'S MOTIONS

Petitioner's motions to protect his mental health and for return of his file are not properly brought in this court. They challenge not the fact or length of his confinement, but rather the conditions of his confinement. Habeas corpus relief is not appropriate when a prisoner challenges the conditions of his confinement. *See Preiser v. Rodriquez*, 411 U.S. 475, 499 (1973); *Brown v. Johnson*, 169 Fed. Appx. 155, 156 (4th Cir. 2006). In addition, venue is not proper in this court because the acts complained of occurred outside this district, at Sussex State Prison in Waverly, Virginia. *See* 28 U.S.C. § 1391(b). Accordingly, these two motions should be denied. The denial should be without prejudice because the record does not show that the petitioner is necessarily barred from bringing them in some other forum.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that:

(1) the government's motion to dismiss (D.E. 41) be DENIED;

(2) petitioner's motion to protect his mental health and constitutional rights (D.E. 45) and his motion for return of his legal materials (D.E. 46) be DENIED without prejudice; and

(3) to facilitate further proceedings in this matter, the government be directed to file an answer to petitioner's habeas motion that complies with Rule 5 of the Rules Governing § 2255 Proceedings within ten days after entry of the court's order on this Memorandum and Recommendation.

The Clerk's office shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the presiding District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 9th day of September, 2009.

James E. Gates
United States Magistrate Judge

15

Case 5:96-cr-00039-BR   Document 47   Filed 09/09/09   Page 15 of 15