IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:96-CR-39-BR
5:08-CV-302-BR

| | |
|---|---|
| CHRISTOPHER DOZIER, <br> aka ASHAUN-RA, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | **MEMORANDUM AND RECOMMENDATION** |

This proceeding, brought by petitioner Christopher Dozier ("petitioner") pursuant to 28 U.S.C. § 2255 ("§ 2255"), is before the court on the government's motion for summary judgment (D.E. 53). The government filed a supporting memorandum (D.E. 54) and one evidentiary exhibit (D.E. 61).[1] Petitioner filed a response in opposition (D.E. 59), which is supported by two evidentiary exhibits (D.E. 64, 65).[2] The motion was referred to the undersigned Magistrate Judge for review and recommendation pursuant to Rules 8 and 10 of the Federal Rules Governing § 2255 Proceedings and 28 U.S.C. § 636(b)(1)(B). (*See* 2nd Minute Entry after D.E. 66). For the reasons set forth below, it will be recommended that the government's motion be allowed.

---

[1] This exhibit consists of copies of petitioner's inmate medical records and a declaration by a medical records custodian at the Sussex I State Prison where petitioner is currently housed authenticating the copies. This exhibit was filed under seal pursuant to court order (D.E. 62).

[2] These exhibits consist of two psychological evaluations of petitioner performed in 1995 and 1996.

## BACKGROUND

On 21 February 1996, petitioner was indicted for carjacking in violation of 21 U.S.C. § 2119. (*See* D.E. 1). On 30 July 1996, petitioner pled guilty pursuant to a plea agreement. (*See* D.E. 18; 2nd D.E. dated 30 July 1996). On 28 October 1996, he was sentenced to 235 months' imprisonment. (*See* D.E. dated 28 Oct. 1996). Judgment was entered on 18 November 1996. (*See* D.E. 23). Petitioner did not appeal from his conviction. However, on 10 March 1997, petitioner filed a motion for writ of mandamus, which was denied. (*See* D.E.s dated 10 and 20 Mar. 1997).

On 5 February 2007, petitioner filed a motion (D.E. 26) for an order directing the Office of the Federal Public Defender ("OFPD") to provide him with a copy of his case file. Upon the representation by OFPD that a copy of the file had been provided to petitioner (D.E. 28), the motion was denied as moot on 22 March 2007. (*See* D.E. 29).

On 28 January 2008, petitioner filed a motion (D.E. 31) to vacate his conviction pursuant to Federal Rules of Criminal Procedure 11(d), (e), and (f), and 52(b). On 3 March 2008, the motion was denied without prejudice to re-file as a motion pursuant to § 2255. (D.E. 32). On 10 July 2008, petitioner filed a motion (D.E. 35) under § 2255 to vacate his conviction and sentence ("§ 2255 motion"). It is that motion which forms the present basis of petitioner's habeas proceeding.[3] The motion consists of a completed § 2255 form (§ 2255 Mot. 1-13)[4] and a six-page handwritten

---

[3] Petitioner moved, in the alternative, under Fed. R. Civ. P. 60(b)(4). (§ 2255 Mot. 14, 19). That rule, however, addresses civil judgments and may not be used to attack a criminal conviction underlying a habeas action, as opposed to alleged deficiencies in a prior habeas action. *See, e.g., Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *see also United States v. Jenkins*, No. 3:99CR21, 2009 WL 1702076, at *3 (W.D.N.C. 16 June 2009) (holding that the court had no jurisdiction to consider petitioner's motion under Rule 60(b)(4) challenging his criminal conviction and collecting cases regarding same).

[4] Page number references in record citations are to the numbers assigned by the CM/ECF electronic docketing system.

supplement (*id.* 14-19). As grounds for vacation of his conviction and sentence, petitioner asserts that the court lacked subject matter jurisdiction because he was incompetent at the time of his guilty plea. (*See id.* 4-6 ¶ 12; 14 § II).

On 14 July 2008, the court directed the government to file an answer or other appropriate response to the § 2255 motion. (*See* D.E. 36). In response, on 19 September 2008, the government filed a motion to dismiss (D.E. 41). The motion sought dismissal on two alternative grounds. One was that petitioner did not initiate the proceeding within the applicable one-year limitations period and the court therefore lacked subject matter jurisdiction, presumably pursuant to Fed. R. Civ. P. 12(b)(1). The other ground was that petitioner waived his right to contest his conviction and sentence when he entered into the plea agreement,[5] and his motion therefore failed to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6). On 9 September 2009, the undersigned filed a memorandum and recommendation ("M&R") (D.E. 47) recommending that the motion to dismiss be denied.[6] On 26 October 2009, Senior District Judge W. Earl Britt adopted the M&R and set a deadline for the government to file any motion for summary judgment.[7] (*See* D.E. 52). The instant motion for summary judgment was filed by the government pursuant to this order.

---

[5] A copy of the plea agreement (D.E. 42-2) is attached to the memorandum in support of the government's dismissal motion.

[6] In the M&R, the undersigned also recommended the denial of petitioner's motion to protect his mental health and constitutional rights (D.E. 45), and his motion for an order directing the Virginia Department of Corrections to return his legal materials (D.E. 46).

[7] Regarding the applicability of motions for summary judgment under Fed. R. Civ. P. 56 to § 2255 proceedings, Rule 12 of the Federal Rules Governing § 2255 Proceedings provide that a court may apply the Federal Civil Rules where "they are not inconsistent with any statutory provisions or these [§ 2255] rules." Fed. R. Gov. § 2255 Proceed. 12. In addition, the Federal Civil Rules themselves provide that they may be applied in § 2255 proceedings where a particular practice has not been specified by § 2255 and such practice has "previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4).

3

# DISCUSSION

## I. STANDARD OF REVIEW

It is well established that a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[8] Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In analyzing whether there is a genuine issue of material fact, all facts and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996).

The burden is on the moving party to establish the absence of genuine issues of material fact and "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323; *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."). If the movant meets its burden, then the non-moving party must provide the court with specific facts demonstrating a genuine issue for trial in order to survive summary judgment. *Celotex*, 477 U.S. at 323. The non-moving party is not permitted to rest on conclusory

---

[8] The court relies throughout this Memorandum and Recommendation on the version of Rule 56 that was in effect through 30 November 2010. Although the Rule was amended effective 1 December 2010, the government's motion, filed 6 November 2009, is based on the prior version of the Rule and the amendments do not affect the substantive standards applicable to the motions. *See* Fed. R. Civ. P. 56, Advisory Comm. Notes, 2010 Amend. ("The standard for granting summary judgment remains unchanged...."); *see also* Order Amending Fed. R. Civ. P. (U.S. 28 Apr. 2010) ("[T]he foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, *insofar as just and practicable,* all proceedings then pending." (emphasis added)).

allegations or denials, and a "mere scintilla of evidence" will not be considered sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**II.     ANALYSIS OF GOVERNMENT'S MOTION**

In its motion, the government asserts three grounds for summary judgment: (1) petitioner has failed to demonstrate that he was incompetent at the time of his plea; (2) petitioner waived his right to raise a claim of incompetency in his plea agreement; and (3) petitioner's claim was not timely and he has not presented evidence to support equitable tolling of the statue of limitations. Because the court concludes that the government is entitled to summary judgment on the third ground, that petitioner's § 2255 motion was untimely, it addresses only this ground and does not reach the remaining two grounds asserted.

**A.     The Limitations Period under § 2255**

Section 2255 establishes a one-year limitations period for the filing of motions under that section. *See* 28 U.S.C. § 2255(f). This limitations period begins to run from the latest of the four following alternative dates:

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United states is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

5

Of these dates, the only one implicated by petitioner's allegations here is the date his judgment of conviction became final. The judgment was entered on 18 November 1996. Because petitioner did not appeal from it, it became final ten business days later, on 3 December 1996. *See* Fed. R. App. P. 4(b) (1996) ("In a criminal case, a defendant shall file the notice of appeal in the district court within 10 days after the entry either of the judgment or order appealed from, or of a notice of appeal by the Government."), 26(a) (1996) ("When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."). Thus, under § 2255, petitioner had one year from 3 December 1996 in which to file his motion under § 2255. He did not do so until more than 11 1/2 years later, on 10 July 2008. The court concludes that, as a matter of law, petitioner's § 2255 motion was filed after the limitations period set in § 2255.

B.  **Equitable Tolling**

In apparent recognition that he failed to file within the § 2255 limitations period, petitioner argues that it was equitably tolled because he has been continuously mentally incapacitated since his conviction and did not have a copy of his legal file for over 11 years. (§ 2255 Mot. 12 ¶ 18; 15 § III.(b), (c)). The court disagrees.

1.  **Applicable Principles**

Equitable tolling of the § 2255 limitations period is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his

6

control or external to his own conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)).

In cases where, as here, a petitioner alleges mental incapacity as grounds for equitable tolling, courts require a showing of "profound mental incapacity." *Sosa*, 364 F.3d at 513 (citing *Grant v. McDonnel Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances such as institutionalization or adjudged mental incompetence")). In addition, a petitioner must show that the mental impairment prevented him from filing his motion within the limitations period. *See Robison v. Hinkle*, 610 F. Supp. 2d 533, 539 (E.D. Va. 2009) (holding that a petitioner must demonstrate a causal connection between mental incapacity and the untimely filing); *see also Rios v. Mazzuca*, 78 Fed. Appx. 742, 744 (2d Cir. 2003) (holding that while petitioner had shown that he suffered from "chronic and sometimes debilitating mental illness," equitable tolling was not warranted because petitioner failed to demonstrate that his condition prevented him from filing a timely motion).

### 2. Equitable Tolling Due to Mental Incapacity

The court turns first to petitioner's contention of equitable tolling based on mental incapacity. In ruling on the government's motion to dismiss, the court found that petitioner's § 2255 motion sufficiently *alleged* mental incapacity to survive dismissal. But he has failed to back up those allegations with evidence, as required at this, the summary judgment stage.

Petitioner relies on two mental health reports, one prepared in October 1995 and the other in September 1996. Therefore, both reports predate the commencement of the limitations period for petitioner's § 2255 motion on 3 December 1996.

7

The 1995 report was prepared by D. H. Killian, Ph.D., a forensic psychologist, in response to a court order in a state criminal proceeding against petitioner in Virginia. (D.E. 64 at 1). Dr. Killian concluded that petitioner exhibited "clear evidence of psychiatric abnormality," but that an evaluation of petitioner's "psychiatric and neurologic status [cannot] be accomplished on an outpatient basis" and recommended a further detailed evaluation. (*Id.* at 2). However, Dr. Killian did note that "while [petitioner's] thinking is obviously disturbed at times, it is at other times sharp, clear, and accurate." (*Id.*).

The September 1996 report was prepared by Seymour L. Halleck, M.D., a psychiatrist, at the request of OFPD prior to petitioner's sentencing in this case. (D.E. 65 at 1). Dr. Halleck's report indicates that petitioner has an extensive history of mental illness. (*Id.* at 2-3). Dr. Halleck also concluded that petitioner fit the criteria for Schizotypal Personality Disorder and "is at considerable risk of developing a full schizophrenic disorder." (*Id.* at 6). However, Dr. Halleck also noted that petitioner had "good cognitive functioning" and was "oriented, [had] good recent and remote memory, speaks coherently, and can deal with abstract concepts well." (*Id.* at 5).

Although these reports show that petitioner suffered from mental illness prior to commencement of the limitations period, they do not demonstrate that such mental illness rose to the level of profound mental incapacity. In fact, the reports demonstrate that petitioner exhibited a level of cognitive functioning and mental clarity that would preclude any finding of profound mental incapacity.

Petitioner's inmate medical records submitted by the government also show that petitioner was not mentally incapacitated before he filed his § 2255 motion. They consist of general health records from 24 September 1997 to 31 January 1999 (D.E. 61 at 18-24) and mental health records

8

from 29 April 2005 to16 October 2009 (*id.* at 3-17).[9]

In the general medical records, there is no indication of mental health issues aside from a history of hunger strikes. The mental health records also contain scant evidence of mental illness.

For example, in a Mental Health Coding Classification Review Update Form dated 29 April 2005, petitioner was determined to have a Mental Health Classification Code of "MH-0," which means that he had "[n]o documented/reported history of mental health service needs/treatment within the last five years." (D.E. 61 at 17). Similarly, a Mental Health Services Monitoring Form dated 28 July 2005 indicates that petitioner was found to have "[n]o clinically significant thought or mood disorder symptoms or other signs of mental disorder" and that petitioner "reported no [mental health] issues or concerns." (*Id.* at 16). On 3 March 2007, petitioner was again classified as MH-0. (*Id.* at 15). Mental Health Monitoring Reports completed on 27 and 28 November 2007 also show that petitioner was observed to have no symptoms of mental illness. (*Id.* at 14). The 28 November 2007 report does indicate that petitioner "talked about his past psychological history and his offenses he was charged with," but does not indicate that he reported any symptoms of mental illness. (*Id.* at 13).

A Mental Health Monitoring Report dated 18 December 2007 reports that petitioner stated that increased stress "leads to [auditory] commands to kill." (*Id.* at 11). But petitioner denied the need for an evaluation for medicine and stated that he could cope effectively. (*Id.*). The mental health professional examining petitioner also reported that he was alert, oriented, had a positive

---

[9] The absence of records for the years 2000 to 2004 suggests that the government's submission is not complete. However, because the court concludes that the records provided show significant periods where petitioner lacked the requisite mental incapacity, the absence of records for this period is not material.

9

mood and an appropriate affect, showed no evidence of psychosis, and had linear, organized, and stable thoughts. (*Id.*).

The remaining inmate mental health records for petitioner (D.E. 61 at 3-10) relate to his condition from 14 September 2009 to 16 October 2009, well after he filed his § 2255 motion in July 2008. These records are therefore of limited relevance on this ground. In any event, they also are bereft of evidence that petitioner had an incapacitating mental illness before he filed his motion.

The government also cites to the petitioner's presentence report. It necessarily predates the start of the limitations period for his § 2255 motion, is largely cumulative of records already discussed, and does not, in any event, show petitioner to have had incapacitating mental illness.

Thus, the evidence before the court fails as a matter of law to demonstrate that petitioner suffered from profound mental incapacity continuously for 11 1/2 years after 3 December 1996 preventing him from filing his § 2255 motion before 10 July 2008. Consequently, the court concludes that petitioner lacked the degree of mental illness needed to support equitable tolling of the statute of limitations.

### 3. Equitable Tolling Due to Lack of Access to Legal File

Petitioner also asserts that the delay in the filing of his § 2255 motion resulted from his being denied a copy of his case file for over 11 years despite his having made requests for it. (§ 2255 Mot. 12 ¶ 18; 15 § III(b)). As noted in the M&R (D.E. 47 at 11) on the government's motion to dismiss, petitioner made no allegations in his § 2255 motion indicating that extraordinary circumstances prevented him from obtaining a copy of his legal file or how the purported denial of access to his legal file caused the delay in the filing of his motion. *See Mateos v. West*, 357 F. Supp. 2d 572, 578 (E.D.N.Y. 2005) (holding that defendant was not entitled to equitable tolling of the limitations period because he failed to demonstrate how the destruction of his case file by prison officials affected his

10

ability to file his motion); *see also Love v. Roe*, No. 98-2746-JGD SH, 1999 WL 253468, at *7 (S.D. Cal. 25 Feb. 1999) (holding that defendant was not entitled to equitable tolling where petitioner failed to show that lack of access to his legal file hindered his ability to timely file a motion). The court further noted in the M&R that petitioner's argument was undermined by the fact that he was able to obtain a copy of his file from OFPD within approximately six weeks after he filed a motion in this court requesting it. (*See* D.E. 26, 28, 29). Despite the insufficiency of his allegations, the court declined to make a recommendation on this issue given that it had concluded that petitioner had adequately alleged equitable tolling on the basis of mental incapacity.

Review of the evidence presented on the government's summary judgment motion shows that the deficiencies in petitioner's allegations presaged the lack of supporting evidence on this issue. Indeed, petitioner has not come forward with evidence creating a genuine issue of material fact that his failure to timely file his § 2255 motion resulted from lack of access to his legal file. Accordingly, the court concludes that as a matter of law the limitations period for his motion was not equitably tolled on the basis of his lack of access to legal files.

## CONCLUSION

For the foregoing reasons, there is no genuine issue of material fact and the government is entitled to dismissal of petitioner's habeas proceeding as a matter of law, pursuant to Rule 56. It is therefore RECOMMENDED that the government's motion (D.E. 53) for summary judgment be GRANTED and that petitioner's § 2255 motion (D.E. 35) be DISMISSED.

The Clerk's office shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have 14 days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the presiding District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 1st day of June 2011.

James E. Gates
United States Magistrate Judge